# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| THERESIA COLLINS, | ) | CASE NO.: 1:20CV1587 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Plaintiff Theresia Collins to the Report and Recommendation ("R&R") of the Magistrate Judge. On June 21, 2021, the Magistrate Judge issued his R&R in this matter recommending that the Court affirm the decision of the Commissioner. On July 7, 2021, Collins objected to the R&R.[1] On the following day, the Commissioner responded to the objections. The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner*

---

[1] It appears that Collins filed her objections at 12:04 a.m. on July 7, 2021. While this technically makes the objections untimely, the Court will address them on the merits.

*v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

Collins' first objection focuses upon her argument that the ALJ failed to give good reasons for discounting the opinion of her treating physician. In his R&R, the magistrate judge concluded that one of the three reasons given by the ALJ was sufficient to satisfy discounting the opinion. Specifically, the R&R concluded that because the opinions consisted of preprinted forms with checkmarks and circles that they were properly discounted by the ALJ. Collins claims error in this conclusion on several grounds.

First, Collins contends the November 6, 2014 opinion of her treating physician, Dr. Kobaivanova, was in supported by more than just the preprinted form. Collins asserts that it was supported by the "attached physical performance evaluation October 2014." However, no evaluation was attached to the November 6, 2014 form. Moreover, even if the ALJ were to understand that this was a reference to the Physical Therapy Functional Capacity Evaluation form completed by Marie Soha, Collins' objection would still lack merit. A review of that Evaluation does not reveal anything beyond a statement that the box and block test results "indicate gross motor manipulation skills that are poor." Doc. 11 at 429. While Collins completed these tests slower than the average time for her age, she was able to successfully complete them both. Accordingly, the Evaluation cannot be said to provide support Dr. Kobaivanova's opinion that Collins could "Never" engage in gross or fine manipulation.

Collins similarly asks the Court to look beyond the actual opinion offered by Dr. Kobaivanova on May 17, 2019. In support, Collins asserts that she underwent a second capacity evaluation two days prior to that opinion and the opinion is consistent with the results of that

evaluation. However, similar to the above, Collins effectively asks this Court, and the ALJ as well, to *infer* the reasoning that is absent from Dr. Kobaivanova's opinion. It may be true that the ALJ could have scoured the record and found support for the opinion. However, that is not the role of the ALJ. Instead, the opinion itself must contain support for its conclusion. As Dr. Kobaivanova's opinions did not include that support, the R&R did not err in when it found no error was committed by the ALJ.

Finally, Collins contends that her long-term treating relationship with Dr. Kobaivanova, spanning more than a decade, should have been sufficient to demonstrate that the doctor had an underlying basis for the opinions that were offered. However, while the length of the relationship is properly taken into consideration when evaluating the weight given to the opinion, it cannot substitute for the requirement that the opinions offered include support within them.

For the reasons stated above, the Collins' objections are OVERRULED. The R&R is ADOPTED IN WHOLE. The decision of the Commissioner is hereby AFFIRMED.

IT IS SO ORDERED.


Dated: September 30, 2021    /s/ John R. Adams
                                                               JUDGE JOHN R. ADAMS
                                                               UNITED STATES DISTRICT JUDGE